■ ALBERT GASPARRE, Respondent, v ST. JOSEPH'S MEDICAL CENTER, Appellant, and KRISHNA M. MOHAN, Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered July 1, 1991, which denied defendant St. Joseph's Medical Center's motion to dismiss the complaint against it with leave to renew after discovery, unanimously affirmed, without costs.

The court (Preminger, J.) granted a prior motion to dismiss for failure to prosecute unless plaintiff submitted an affidavit of merit within 30 days of the date of the court's order. An affidavit was submitted in due course. Defendant-appellant maintains that "informal" argument was had as to the sufficiency of the affidavit before the court's law secretary. Subsequently, co-defendant inquired, and was advised by the court's law secretary, that the court considered the affidavit sufficient. On these facts the IAS Court held that the present motion, premised on the alleged insufficiency of the affidavit of merit, was barred by law of the case.

The motion should not have been decided on the ground of law of the case. The statement of the law secretary that the matter of the sufficiency of the affidavit would be considered by the court, and his subsequent letter to co-defendant that the court reviewed the affidavit and found it sufficient, manifestly lack the legal effect of an order of the court. The prior order, providing that the motion to dismiss was granted unless an affidavit of merit was submitted, cannot be construed as ruling on the sufficiency of the subsequent affidavit. Similarly, mere silence on the part of the court, following submission of the affidavit, may not be equated with a determination in this regard. In short, there was no impediment to the making of a subsequent motion to challenge a perceived defect in the affidavit of merit.

Nevertheless, the denial of the motion was proper inasmuch as the affidavit of merit was sufficient. We find, in view of the state of the present record, that the affidavit, while somewhat sparse, sufficiently alleges acts of malpractice which may reasonably be connected with the acts of hospital employees. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Asch, JJ.